ALABAMA & VICKSBURG RAILWAY CO. *v.* IRENE PURNELL.

1. RAILROADS. *Delaying passenger. Contributory negligence. Damages.*

A wreck necessitated passengers to walk about one hundred yards. Plaintiff, a passenger, with her infant, was twice notified by the conductor to alight, but, being reluctant to wait in the open air, remained with an acquaintance who had volunteered to assist her off, and across to the other train on its arrival. He was a claim-agent of the road, but had nothing to do with operating the train. Her train had occasion to back some distance, and on its return the other train had come. She hurried to reach it, but failed, and had to return home on the same train, about twenty miles. The conductor knew she was being left, but, being behind time, did not wait for her. There was no rudeness on his part. Only slight personal discomfort and disappointment on her part were shown. *Held*, the company was not liable for punitive damages, and a verdict for $500 is greatly excessive.

2. SAME. *Negligence. Question of fact. Damages.*

Under such facts, it was for the jury to say whether the conductor did all he might have done to insure the continuance of plaintiff's journey. The court, therefore, rightly refused to instruct the jury to find for the defendant, but she could recover, if at all, only compensatory damages. *Railroad Co.* v. *Scurr*, 59 Miss., 456.

FROM the circuit court of Warren county.

HON. J. D. GILLAND, Judge.

Appellee, Mrs. Purnell, took passage on appellant's railroad at Vicksburg, intending to go, via Meridian, to Tuscaloosa, Ala. She bought her ticket intending to leave on the evening train, but, as it was delayed, she waited for the train that left the next morning. She had with her an infant some fourteen months old, and occupied an apartment in the sleep-

ing-car. Just after the train had started, and before it had reached the limits of the city, the conductor informed her of the occurrence of a wreck the night before on the railroad some twenty miles from the city, and that, as the train could not pass the wreck, it would be necessary to transfer passengers to the west-bound train, which would return to Meridian. She asked the conductor if she would get to Meridian on time and make the desired connection there for Tuscaloosa, and he replied that it depended on whether the other train, to which she would be transferred, was on time. She made no objection to proceeding on her journey. When the train reached the scene of the wreck, after ten or fifteen minutes, the passengers were told to get off the train and walk around it to a place on the track, about one hundred yards distant, where the other train would stop. The intervening ground was rough and somewhat hilly, and the weather was cool. When the conductor announced to plaintiff that it was time for her to be transferred to the other side, a Mr. Stevenson, who was with her in the car, asked if the other train had come, and, being told that it had not, suggested to plaintiff to remain in the car, promising to remain with her and assist her off to the other train when it should come. Plaintiff testified that the conductor promised Stevenson to notify them when the train arrived, but, according to the testimony of the conductor and Stevenson, the latter stated that he would watch for the arrival of the other train and assist the plaintiff over. All the other passengers on the train alighted, and crossed over to the other side of the wreck. After an interval of fifteen or twenty minutes, the conductor returned for the plaintiff, when Stevenson again told him that he would take care of her and watch for the arrival of the other train. The conductor replied to Mr. Stevenson that he had orders for the passengers to get off and be transferred, and his manner indicated that he was provoked at the interference of Stevenson, who, though a claim-agent of the railroad company, had no connection with the operation of the train.

Meantime, it became necessary for the train to be backed to a switch, about a mile distant, in order to allow an engine, needed for the removal of the wreck, to pass, and, when the train returned, the other passenger-train had arrived, the crew and passengers and their baggage had been transferred, and it was moving off. Plaintiff, under the escort of Stevenson, hurried in the hope of reaching it, but it did not stop, and she was left, and returned on the same train to Vicksburg, her home. She did not go to Tuscaloosa, and her ticket was returned to the company, and the price refunded to her. It is not shown that she suffered any pecuniary loss, and, as she testified, she suffered no inconvenience, except a headache, which she attributed to the exposure and missing her dinner.

The conductor, who was examined as a witness, admitted that he knew that Mrs. Purnell was not on board the train which returned from the wreck to Meridian, but said that the train was thirty minutes late, and it was important to return promptly, in order to make the connection at Meridian. He told the conductor of the west-bound train to return plaintiff to Vicksburg free of charge, and, on his return-trip, to honor her ticket to Tuscaloosa, which had already been punched. There was no rudeness shown on the part of the conductor, but it is contended, on the part of plaintiff, that he showed an intentional disregard of her rights, in the first place, by failing to notify her that the train on which she was waiting would be moved back to the switch; and, in the next place, in failing to hold the other train a few minutes until she should reach it.

Plaintiff brought this action against the railway company, claiming damages in the sum of $3,000, for its alleged negligent and wilful failure to carry her on her journey, whereby she suffered great inconvenience, loss of time and bodily suffering, etc.

By the instructions granted for the plaintiff, the court submitted to the jury the question whether, under all the cir-

cumstances, it was reasonable for the defendant to require the plaintiff to alight from the train, and wait in the open air for the arrival of the other train, and whether, upon its arrival, the conductor should have given her notice, and afforded her reasonable opportunity to change cars and embark upon the connecting train.

The court also instructed for plaintiff, that if the defendant failed to perform its duty to plaintiff, and that such failure arose from a wilful and reckless disregard of defendant's duty, the jury might assess punitive damages. The court refused to grant a peremptory instruction in favor of the defendant, but granted an instruction that it is the duty of passengers to observe all reasonable directions of those in charge of the train, failing in which the company is not liable for consequent injury or inconvenience.

It is not deemed necessary to set out the instructions asked by the defendant, which were refused. Their effect was to deny to the plaintiff, under the facts in evidence, any right to recover, or, if the right to recover existed, to deny her the right to more than the sum that would compensate her for the actual damages shown by the defendants to have been sustained.

Verdict and judgment for plaintiff for $500. Motion for new trial overruled, and defendant appealed.

*Birchett & Shelton*, for appellant,

Filed a brief reviewing all the facts, and contending that the defendant was without fault, and that the plaintiff's failure to pursue her journey was the result of her own conduct; and that, in any event, the verdict was grossly excessive. Counsel invoked the following principles of law and authorities:

A person who takes passage on a train must comply with all reasonable regulations and requirements of the company. *Drake* v. *Railroad Co.*, 21 Am. St. Rep., 883.

In the absence of evidence of wilful and reckless disregard

of plaintiff's rights, it was improper to submit the question to the jury, and to instruct that it might award punitive damages. *Railroad Co.* v. *Scurr,* 59 Miss., 456.

*Nugent & McWillie,* on the same side.

The conductor twice offered to aid appellee in making the transfer, but she declined. Plaintiff preferred to accept the proffered services of Stevenson, and by so doing missed the connection.

The contract of carriage was rescinded by the parties, and the money paid for her ticket was returned to plaintiff. The peremptory charge should have been given. 2 Rorer on Railroads, 960, 979, 980; 18 N. Y., 934; 20 Barb., 282; 6 Duer, 523.

The notice given to plaintiff to disembark, and the opportunity to do so, were reasonable. 9 Am. Ry. Rep., 101.

*M. Marshall,* for appellee.

The defendant was at fault in not notifying plaintiff of the break in the road before the train started; in insisting that she, a woman with her baby, should leave a comfortable car, and sit in the cold, open air indefinitely, to wait for the other train; in ignoring her convenience and comfort in favor of its own; in not informing plaintiff that her train would be backed; in not delaying the other train a moment, when the conductor knew plaintiff was hurrying to reach it.

Such conduct shows wilfulness amounting to malice. It is clear the conductor was angry with Stevenson, and his acts were dictated by such anger, and he was angry with plaintiff for not obeying his unreasonable orders to leave the car. In view of these facts, the instructions for plaintiff were correct, and those refused for defendant were rightly refused.

CAMPBELL, C. J., delivered the opinion of the court.

We disapprove this verdict. The sum given by it is greatly disproportioned to the injury suffered and the wrong done,

if any. It is manifest that the failure of the plaintiff to go on her journey resulted from her acceptance of the suggestion of Mr. Stevenson and his promised assistance instead of the conductor's, and, if she is entitled to recover any thing, it is a sum far below that for which the verdict was rendered.

The court rightly refused to instruct the jury to find for the defendant, but should have restricted it to compensatory damages, if it found for the plaintiff at all. *Railroad Co.* v. *Scurr*, 59 Miss., 456. The second instruction for the plaintiff should not have been given, for the facts exclude all thought of punishing the defendant, which, under the most unfavorable view of the affair which can be taken, simply failed to do all that might have been done to insure the plaintiff's continuance of her journey. It was for the jury to say if it failed of duty to her under all the circumstances. The instructions asked by the defendant and refused, narrowed the inquiry by the jury too much, and were properly refused.

*Reversed and remanded.*